**GLUCK LAW FIRM**
Jeffrey S. Gluck (SBN 304555)
jeff@gluckip.com
16950 Via De Santa Fe
Rancho Santa Fe, California 92067
Telephone: (310) 776-7413

**DONIGER / BURROUGHS**
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan Weston Shook, an individual, professionally known as SABER, | Case No.: |
| Plaintiff, | **PLAINTIFF'S COMPLAINT FOR**: |
| v. | VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTERGRITY (17 U.S.C. § 106A) |
| Atallah Group US Inc., a Delaware Corporation, individually and doing business as SSENSE; 909 S. Santa Fe Ave., LLC, a California LLC; and DOES 1-10, | Jury Trial Demanded |
| Defendants. | |

1      Plaintiff, Ryan Weston Shook, by and through his undersigned attorneys,

2 hereby prays to this honorable Court for relief based on the following:

3                                **INTRODUCTION**

4       1.    Plaintiff Ryan Weston Shook is an individual who has also gone by

5 SABER ("hereinafter "Saber").

6       2.    Saber is a renowned street and graffiti artist whose work has been

7 frequently displayed in public places, galleries, and exhibitions around the world,

8 including being commissioned by the Los Angeles County Museum of Natural

9 History, as well as in numerous online features, profiles, and publications. Saber has

10 gained international fame and recognition for his original and distinctly stylized

11 street art and for painting the world's largest graffiti piece on the bank of the Los

12 Angeles River in 1996 which was visible and documented by satellites in space.

13       3.    Saber created an original mural ("Subject Mural") in Los Angeles at 909

14 South Santa Fe Avenue ("Mural Property"), alongside another artist's work, in Los

15 Angeles, California. The Subject Mural depicts an expansive and vibrant array of

16 colors and motifs created in Saber's  iconic style. The Subject Mural has been

17 widely publicized and featured in numerous online articles and publications and has

18 become a recognizable and distinct feature within the city.

19       4.    On information and belief it is alleged that 909 S. Santa Fe Ave, LLC

20 (the "909 LLC") owns, operates, or otherwise controls the property on which the

21 Subject Mural appeared before it was destroyed.

22       5.    On information and belief it is alleged that fashion retail company

23 SSENSE, a subsidiary of Atallah Group US Inc. ("SSENSE"), commissioned an

24 advertisement ("Offending Advertisement") on the Mural Property that distorted,

25 mutilated, modified, and/or destroyed virtually all of the Subject Mural.

26

27

28                             2

6.      On information and belief, it is alleged that Defendants, and each of them, or entities directed and authorized by one or more of the Defendants unlawfully, and without Saber's authorization, painted over, covered, and otherwise partially destroyed the Subject Mural to create the Offending Advertisement.

7.      Saber brings this claim to seek redress for this unauthorized and unlawful destruction of his original artwork. Defendants have permanently covered Saber's artwork without authorization, as set forth herein.

8.      Plaintiff owns the copyright for the Subject Mural.

9.      Saber did not consent to the modification, alteration, distortion, destruction, and/or use of his Subject Mural as complained of herein.

10.     The destruction of Saber's artwork without his consent as set forth herein violates his exclusive rights in his work as set forth in 17 U.S.C. 106A.

11.     Defendants, and each of them, have enjoyed a financial benefit by creating, commissioning, sanctioning, and employing the Offending Advertisement to appeal to, interest, or lure customers to purchase their products online or at their retail location(s) by advertising their brand.

## JURISDICTION AND VENUE

12.     This action arises under section 106(a) of the Copyright Act of 1976, Title 17 U.S.C., §§ 106A, *et seq*.

13.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

14.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

15.     Saber is an individual currently residing in Los Angeles, California.

COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTEGRITY

16.     On information and belief it is alleged that Defendant SSENSE is a Delaware corporation with its principal place of business at 100 Crosby Street, Suite 306, New York, New York, 10012 and is doing business in and with this District and the State of California.

17.     On information and belief it is alleged that 909 LLC is a California LLC doing business in and with the state of California.

18.     Saber is informed and believes and thereon alleges that Defendants DOES 1 through 10, are other parties not yet identified, including potential business entities with which Defendants coordinated and conspired with to paint over, mutilate, modify, and otherwise destroy the Subject Mural, who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

19.     Saber is informed and believes and thereon alleges that at all times relevant hereto certain of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of certain of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, certain knowledge of one or more of the violations of Saber's rights and the damages to Saber proximately caused thereby.

20.     Saber is informed and believes and thereon alleges that one or more of the DOE Defendants are outdoor advertising and marketing companies responsible

4
COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTEGRITY

for entering into the transaction that resulted in the destruction of the Subject Mural and for engaging in or directing the acts that resulted in the destruction of the Subject Mural.

## CLAIMS RELATED TO PLAINTIFF'S SUBJECT MURAL

21.     Saber created and owns all rights in the Subject Mural.

22.     Saber is informed and believes and thereon alleges that SSENSE, a clothing retailer, commissioned and approved the Offending Advertisement that substantially destroyed the Subject Mural on the Mural Property with the purpose of attracting customers to its website and retail locations.

23.     On information and belief, it is alleged that SSENSE commissioned, directed, and/or hired certain Doe Defendants to create, develop, and install the Offending Advertisement in the Los Angeles Arts District, where the Mural Property is located, to interest customers in their products, as SSENSE purports to appeal to customers who are interested in "luxury labels, emerging designers, and streetwear brands."

24.     On information and belief it is alleged that 909 LLC entered into one or more of the transactions that resulted in the destruction of the Subject Mural.

25.     The Subject Mural was effectively destroyed by the creation and placement of the Offending Advertisement with no regard to, and in violation of, Saber's rights of artistic integrity.

26.     The Offending Advertisement is displayed on the wall of the Mural Property and is displayed to the general public. Non-inclusive exemplars of the Offending Advertisement and the Subject Mural are depicted hereinbelow:

COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTEGRITY

| **Subject Mural:** |
| --- |
|  |
| **Offending Advertisement** |
|  |

27.    Defendants, and each of them, without the consent of Plaintiff, distorted, mutilated, and modified the Subject Mural as part of their online advertising and

COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTEGRITY

promotion, as seen in the non-exclusive exemplar[1] social media post below, which

promotes their brand:[2]

| SSENSE's Instagram Post: |
| --- |
|  |

[1] https://www.instagram.com/ssense/p/C0FOaQ-sbNL/

[2] On information and belief it is alleged that the "ssense" Instagram account is SSENSE's propriety account and/or an account that SSENSE controls or operates.

COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTEGRITY

28.     Prior to the acts complained of herein, Plaintiff Saber created and publicly displayed the Subject Mural, including through the Subject Mural's prominent public location, as a work of community-facing art.

29.     On information and belief, Plaintiff alleges Defendants have willfully distorted, mutilated, modified, and destroyed the Subject Mural for financial benefit by, without limitation, authorizing, facilitating, approving and/or financially benefitting from the destruction of the Subject Mural to create the Offending Advertisement. The aforementioned acts included, without limitation, painting over and altering the elements of the Subject Mural by painting a large white rectangle, a large black rectangle and adding marketing language on top of the Subject Mural, permanently defacing and irreparably damaging the Subject Mural.

30.     Upon information and belief, Saber alleges that Defendants, and each of them, had actual knowledge of the existing Subject Mural and intentionally, willfully, recklessly, and/or negligently destroyed the Mural despite such knowledge.

31.     Saber  has not in any way authorized Defendants, or any of them, to distort, mutilate, modify, alter, or otherwise destroy any portion of the Subject Mural.

### FIRST CLAIM FOR RELIEF

 (For Violations of 17 U.S.C. § 106A ("VARA") – Against all Defendants, and Each)

32.     Plaintiff Saber repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

33.     Saber is the author of the Subject Mural work of visual art, located at 909 South Santa Fe Avenue, Los Angeles, California 90021. Saber owns all rights, title and interest in and to the Subject Mural.

34.     On information and belief, Saber alleges that the Subject Mural is a work of recognized public stature and Defendants altered, distorted, deformed, mutilated,

COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTEGRITY

1  modified, and/or defaced the Subject Mural to create the Offending Advertisement in

2  violation of the Visual Artists' Rights Act, codified at 17 U.S.C. § 106A ("VARA").

3       35.   On information and belief Plaintiff alleges that the purpose of VARA is

4  to protect two moral rights of artists—the rights of "integrity" and "attribution" and it

5  allows Plaintiff to prevent the (1) removal of his attribution information from his

6  work and the (2) alteration, modification, distortion, deformation, and/or mutilation

7  of his work.

8       36.   On information and belief Plaintiff Saber alleges that Defendants, and

9  each of them, as alleged herein intentionally committed, or authorized the intentional

10  commission of, the physical defacement, mutilation, alteration, or destruction of the

11  Subject Mural in a manner that is injurious to Plaintiff's honor, integrity, and position

12  in the industry. The aforementioned acts included, without limitation, painting over

13  and altering elements of the Subject Mural and adding a marketing slogan and the

14  SSENSE logo on top of the Subject Mural.

15      37.   On information and belief Plaintiff alleges that the aforementioned

16  modifications or alterations to the Subject Mural were the result of at least gross

17  negligence.

18      38.   The Subject Mural is a work of "visual art" as that term is used in Section

19  106A because it is an original work of visual art of recognized stature and quality and

20  has received public recognition within the relevant community.[3]

21      39.   At the time of the creation of the Subject Mural, the owner of the

22  building and property on which the Subject Mural appears, and/or their agent,

23  authorized the creation of the Subject Mural.

24

25  _____

26  [3] *See, e.g.*, Saber and Zes of the Seventh Letter/MSK Paint a New Mural in
    Downtown LA, Hypebeast, October 26, 2015, https://hypebeast.com/2015/10/saber-
27  zes-downtown-la-mural (last visited on January 29, 2024)

28
COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTEGRITY

40.   On information and belief Plaintiff alleges that the above acts were committed intentionally, willfully, recklessly, and/or in a grossly negligent manner. Defendants' desecration, distortion, mutilation and destruction of the Subject Mural is the actual and proximate cause of injury and prejudice to Saber's federally protected rights of integrity.

41.   Plaintiff has been damaged by the above acts and seeks actual damages, disgorgeable profits, statutory damages, costs and attorneys' fees in an amount to be set at trial and through post-trial motions.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.   That the Court enjoin Defendants from removing public displays of an artist's work without adopting proper policies and procedures to supervise the safe and careful removal and with the artist's knowledge, participation and consent.

b.   That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Mural.

c.   That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their respective acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 106A, *et seq.*;

10
COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTEGRITY

d.  That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505 and 17 U.S.C. § 106A, *et seq.*

e.  That a trust be entered over all infringing uses of the Subject Mural, and all profits realized through the sales and distribution of said work;

f.  That the Court assess punitive damages against Defendants sufficient to punish them from engaging in similar conduct in the future;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs of this action; and

i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 31, 2024          By:          */s/ Jeffrey S Gluck*
                                              Jeffrey S. Gluck, Esq.
                                              GLUCK LAW FIRM
                                              Attorneys for Plaintiff

Dated: January 31, 2024          By:          */s/ Scott Alan Burroughs*
                                              Scott Alan Burroughs, Esq.
                                              Frank R. Trechsel, Esq.
                                              DONIGER / BURROUGHS
                                              Attorneys for Plaintiff

11
COMPLAINT FOR VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT (VARA) AND RIGHTS OF INTEGRITY